UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, <br> 100 Amica Way, <br> Lincoln, Rhode Island, <br><br>     Plaintiff, <br><br> v. <br><br> OSTERMAN PROPANE, LLC, a Delaware corporation doing business in Maine as DOWNEAST ENERGY, <br><br>     Defendant | COMPLAINT <br> and <br> DEMAND FOR JURY TRIAL |

  Plaintiff AMICA MUTUAL INSURANCE COMPANY, by and through the undersigned counsel, alleges the following:

1. Plaintiff is an insurer incorporated in the State of Rhode Island and authorized to conduct business in the State of Maine.

2. Defendant is a fuel delivery and service company incorporated under the laws of the State of Delaware, doing business in Maine under the name "Downeast Energy."

3. This Court has jurisdiction of this matter under 28 USCA §1332(a)(1) as Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000.

4. Plaintiff insured James and Mary Gribbel of 5 Balsam Lane in Freeport, Maine, under a homeowner's policy that was in full force and effect on July 25, 2014 and covered, *inter alia,* the risk of property damage resulting from fire.

5. The Gribbels' house and its contents sustained extensive damage as a result of a fire that occurred on July 25, 2014.

6. The fire and resulting damages was caused by negligence on the part of service technicians employed by Defendant who were present at the premises on July 25, 2014 for the purpose of repairing a leaking fuel tank.

7. The negligence of Defendant's employees included inserting a vacuum into the leaking tank and leaving it running for over an hour, thereby allowing the motor to become sufficiently hot to ignite the fuel.

8. Defendant is liable for damages caused by the negligence of its employees.

9. The Gribbels sustained damages caused by the fire, including costs incurred for fire debris removal; structural repairs to their house; replacement and/or restoration of their personal property; and leasing separate living quarters while their own home remained uninhabitable.

10. Pursuant to its obligations under the referenced homeowners policy, Plaintiff has paid the above costs in full.

11. Under the terms of the policy, Plaintiff is duly subrogated to the Gribbels' right to recover from Defendant the damages resulting from the subject fire.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be proven at trial together with interest and costs.

Dated at Portland, Maine this 27th day of May, 2015.

/s/Martica S. Douglas
_____
Martica S. Douglas, Esq., Bar No. 558
Attorney for Plaintiff

Douglas, Denham, Buccina & Ernst
103 Exchange Street, P.O. Box 7108
Portland, Maine  04112-7108   (207) 774-1486